IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Quinteris Zy'Quan Miller, | ) | Case No. 6:23-cv-01289-DCC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Espher Labrador, Kathy Wyant, Mr. | ) | |
| Nicholson, Dr. Kunkle, Dr. Skewes, | ) | |
| Dennis Patter, Brandon Byrd, John Doe, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.  ECF No. 1.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation ("Report").  On July 31, 2023, the Magistrate Judge issued a Report recommending that this action proceed as to Plaintiff's claim for deliberate indifference to serious medical needs with respect to dental care as to Defendant Mr. Nicholson.[1] ECF No. 39.  He recommends that the remaining claims and Defendants be dismissed with prejudice, without further leave to amend, and without issuance and service of process.  *Id.* The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections.

---

[1]

Service of process was authorized as to Mr. Nicholson by separate order.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, Plaintiff agrees that he is not pursuing claims against Bryan Stirling and Kimberly McKnight. ECF No. 46. He further seems to agree with the Magistrate Judge that he has abandoned his grievance policy claims, grooming policy claims, equal protection claim regarding hair length, and SCDC policy violation claims. Accordingly, the Court adopts this portion of the Report.[2]

The Magistrate Judge recommends dismissal of Plaintiff's claim that his constitutional rights have been violated due to his custody classification of "awaiting

---

[2]    As noted, the Court is of the opinion that Plaintiff has agreed with the Magistrate Judge as to these claims. Nevertheless, out of an abundance of caution, the Court has reviewed the entirety of the Report, the record, and the applicable law de novo.

placement."   Plaintiff objects and argues that prisoners "have a liberty interest in receiving process in classification and prison placement."  ECF No. 46 at 2.

As explained in more detail by the Magistrate Judge, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification or prison placement.  *Hewitt v. Helms*, 459 U.S. 460, 468 (1983), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).  A change in a prisoner's conditions of confinement only gives rise to a federally-protected liberty interest if it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483, 485 (finding no liberty interest when inmate placed in segregated confinement).

Here, Plaintiff reiterates his allegations that, due to his classification, he has been deprived of access to showers, subjected to daily strip searches, required to stand to watch television, and limited in his access to outdoor recreation and sleep.  These allegations, as stated, fail to rise to the level of an atypical or significant hardship.  *See Thompson v. Brown*, C/A No. 3:11-cv-318-TMC-JRM, 2011 WL 6012592, at *1–2 (D.S.C. Nov. 8, 2011) (rejecting conditions of confinement claim where the plaintiff claimed "his mattress and blanket were confiscated for six days, he was not allowed to have any toilet tissue for six days, his clothes were taken away from him for six days, his cell was cold, he had no running water in his cell, and he was forced to sleep on a steel cot for six days"), *Report adopted by* 2011 WL 6012550 (D.S.C. Dec. 2, 2011); *Bell v. Wolfish*, 441 U.S. 520, 559 (1979) (finding that body cavity searches are reasonable because in prisons the "(s)muggling of money, drugs, weapons, and other

3

contraband is all too common an occurrence").  Accordingly, Plaintiff's objections are overruled as to this claim.

Plaintiff contends that he was denied adequate mental health treatment.  The Magistrate Judge recommends that this claim be summarily dismissed.  In his objections, Plaintiff contends that all Defendants were aware that he was suffering from serious mental health issues.  He specifically alleges that he told Kathy Wyant that he was suicidal.  He contends that Wyant then told Espher Labrador.  Plaintiff argues that "it is well known that when a prisoner is suicidal that it[']s policy that the inmate is sent to the crisis stabilization unit to seek mental health treatment."  ECF No. 46 at 3.

As explained in more detail by the Magistrate Judge, Plaintiff's claims of deliberate indifference to his serious mental health needs essentially boil down to an argument that he was not provided with his choice of treatment.  Plaintiff was treated for his mental health issues; however, he was not specifically treated in the crisis stabilization unit.   As noted by many courts before, a plaintiff is entitled to constitutionally adequate care but not his choice of treatment.  *See Farmer v. Brennan*, 511 U.S. 825, 844 (1994) (finding that official who is aware of a substantial risk to inmate health or safety is "free from liability" if the official responds reasonably to the risk "even if the harm was not ultimately averted"); *Sharpe v. S.C. Dep't of Corrs.*, 621 F. App'x 732, 733 (4th Cir. 2015) (unpublished per curiam opinion) (noting that "mere disagreement between an inmate and medical staff regarding the proper course of treatment provides no basis for relief" under § 1983 (citing *Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975))); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that

4

negligence or medical malpractice do not violate the Eighth Amendment).[3]   Accordingly, Plaintiff's objections are overruled.[4]

Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge de novo, the Court agrees with the recommendation of the Magistrate Judge.    Plaintiff's claims, other than the dental care deliberate indifference claim against Mr. Nicholson, are **DISMISSED** with prejudice, without further leave to amend, and without issuance of service of process.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 5, 2024
Spartanburg, South Carolina

---

[3]

To the extent Plaintiff alleges a conspiracy among the Defendants, he may not do so in the absence of an underlying constitutional depravation. *See Robinson v. SCDC Dir.*, No. 5:18-cv-00382-JMC-KDW, 2018 WL 11150511, at *5 (D.S.C. Mar. 6, 2018), *report adopted,* 2020 WL 3410825 (D.S.C. June 19, 2020) ("No plausible §§ 1983 or 1985 conspiracy claims may be stated without a showing of a plausible underlying constitutional violation.").   Significantly, Plaintiff does not allege that Mr. Nicholson was a part of any conspiracy to put him in the general population.

[4]

The Court notes that Plaintiff has attempted to cure the defect identified by the Magistrate Judge that he failed to allege personal involvement and rather complaint against groups of people.  However, as explained above, he still fails to state a plausible claim for relief.